UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL ELIAZAR ORTEGA,<br><br>                   Petitioner,<br>    v.<br><br>ISIDRO BACA, *et al.*,<br><br>                   Respondents. | Case No. 3:16-cv-00224-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1), on his motion for appointment of counsel (ECF No. 1-3), and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner could not pay the filing fee within a reasonable time with funds on hand when the pauper application was filed and therefore will grant the application.

The Court further finds that granting of petitioner's motion for appointment of counsel would be in the interests of justice.

Review of the procedural history reflected in the online records of the state courts,[1] the papers herein, and petitioner's prior action in this Court suggests that the federal petition may be untimely but that petitioner may have potential arguments for equitable tolling.

---

[1] The Court takes judicial notice of its own records and the online docket records of the Supreme Court of Nevada and the Nevada Court of Appeals. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state appellate courts may be accessed from: http://nvcourts.gov/Supreme/#

It appears from the materials currently available that petitioner Joel Ortega was convicted, pursuant to a guilty plea, of sexual assault. He is sentenced to life with the possibility of parole after ten years. The judgment of conviction was filed on May 28, 2010. Ortega did not file a direct appeal, and the time to do so expired on Monday, June 28, 2010. After 322 days had elapsed, on May 17, 2011, Ortega filed a timely state post-conviction petition. Proceedings on the state petition ultimately concluded with the issuance of the remittitur on a second appeal in No. 65466 in the state supreme court on February 17, 2015. Under 28 U.S.C. § 2244(d), the one-year limitation period expired 43 days later, on or about April 1, 2015, absent delayed accrual and/or additional tolling beyond that occasioned by the pendency of the state post-conviction proceedings.

Prior to the expiration of the federal limitation period, on or about February 5, 2015, petitioner mailed a federal habeas petition to the Clerk of this Court, which was filed under Case No. 3:15-cv-00084-MMD-VPC. Petitioner asserted in his accompanying motion for appointment of counsel that he was "a mentally ill person," and he further referred to "the lack of me not speaking the english language in full."[2]

The counseled supplemental state post-conviction petition that was attached with the federal petition in Case No. 3:15-cv-00084 tended to corroborate the assertion that petitioner has mental health issues. The supplemental petition asserted that: (1) defense counsel initially requested a mental health evaluation after Ortega allegedly had displayed severe mental health problems; (2) a competency evaluation was conducted and petitioner was found competent to assist counsel in his defense; (3) at sentencing, defense counsel sought a continuance in order to obtain a jail video allegedly showing "abhorrent" behavior by Ortega that provided evidence of his mental health issues; and (4) according to defense counsel's review of records from the Northern Nevada Adult

///
///
///

---

[2] No. 3:15-cv-00084, ECF No. 1-3, at 3.

Mental Health public psychiatric hospital,[3] Ortega had "longstanding mental health issues" and had been an in-patient at the facility "for quite sometime."[4]

On February 10, 2015, the Court dismissed Case No. 3:15-cv-00084 without prejudice to the filing of a new action because petitioner had failed to properly commence the action in that he failed to attach the financial attachments required for an inmate pauper application. The dismissal order stated, *inter alia*: "It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new petition being untimely."[5] As of that time, the Nevada Court of Appeals had issued an order affirming the denial of state post-conviction relief on January 21, 2015. Under Nevada practice, the remittitur would issue approximately 25 days thereafter; and the remittitur in this instance did issue, shortly after this Court's dismissal, on February 17, 2015. Accordingly, at the time of this Court's dismissal of Case No. 3:15-cv-00084, only approximately 50 days likely remained in the federal limitation period, absent delayed accrual or additional tolling, given the probable impending issuance of the remittitur.

On or about February 27, 2015, the *pro se* petitioner mailed to the Clerk for filing a copy of the prior pauper application with properly completed new financial attachments, a copy of the petition, and another motion for appointment of counsel. Although not accompanied by a post-judgment motion, the materials were submitted within the time for *sua sponte* discretionary action under Rule 59(d) of the Federal Rule of Civil Procedure. As of the March 3, 2015, filing of the materials by the Clerk, less than 30 days remained in the federal limitation period.

Over a year later, on March 24, 2016, the Court denied the pauper application and counsel motion because petitioner had failed to file the materials instead in a new action.

---

[3]According to the website for the Division of Public and Behavioral Health of the Nevada Department of Health and Human Services, the Northern Nevada Adult Mental Health facility "offers acute crisis stabilization" and/or "acute medical stabilization for individuals who need more intensive therapy." See: //dpbh.nv.gov/Programs/ClinicalBehavioralServ/Clinical_Behavioral_Services_-_Home/

[4]Case No. 3:15-cv-00084, ECF No. 1-1, at 5-9.

[5]Case No. 3:15-cv-00084, ECF No. 3, at 1-2.

3

The Court directed that no further papers could be filed in Case No. 3:15-00084. By that time, the federal limitation period had long since expired, while the second pauper application was pending.

Petitioner mailed the present federal petition for filing a short time later, on or about April 19, 2016.

Against the foregoing backdrop, the interests of justice require the appointment of counsel herein. The Court is appointing counsel to assure that petitioner's ability to litigate the question of whether his alleged mental health and English fluency issues contributed to the untimely filing is not potentially impaired by the same issues. While the state courts found that petitioner was competent to assist in his criminal defense, such a finding does not necessitate a conclusion that a particular inmate otherwise is sufficiently capable of timely and properly self-directing litigation when not assisted by counsel.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted, such that petitioner will not be required to pay the filing fee.

It is further ordered that the Clerk of Court file the petition[6] and accompanying motion for counsel, that the motion for appointment of counsel is granted, and that the Clerk will reflect the grant of the motion along with the docket entry for the motion in a manner consistent with the Clerk's current practice. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting

---

[6]The filing of the petition does not signify that the *pro se* petition otherwise is free of other deficiencies.

4

the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that, so the respondents may be electronically served with any papers filed through counsel, the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk accordingly will send a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk further will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 22nd day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE